UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                'O'

| Case No. | 5:23-cv-01420-CAS (SHKx) | Date | September 13, 2023 |
|---|---|---|---|
| Title | VIOLET RAMIREZ, ET AL. V. MERCEDES-BENZ USA, LLC, ET AL. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Rene Dupart                         Kainoa Aliviado

**Proceedings:**   ZOOM HEARING RE:

PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION (Dkt. 13, filed on JULY 27, 2023)

PLAINTIFFS' MOTION TO REMAND TO SUPERIOR COURT OF CALIFORNIA (Dkt. 14, filed on JULY 27, 2023)

## I.   INTRODUCTION AND BACKGROUND

On January 6, 2023, plaintiffs Violet Ramirez and Erik Reyes Lara filed this action against defendants Mercedes-Benz USA, LLC, Mercedes-Benz of Temecula, and Does 1 through 10 in Riverside County Superior Court. Dkt. 1-1, Exh. A. Plaintiffs allege four claims for relief: (1) breach of express warranties under the Song-Beverly Consumer Warranty Act, California Civil Code § 1790, *et seq.* ("the Song-Beverly Act"), as against all defendants; (2) breach of implied warranty under the Song-Beverly Act, as against all defendants; (3) violation of California Business and Professions Code §§ 17200, *et seq.*, as against all defendants; and (4) negligent repair, as against defendant Mercedes-Benz of Temecula. Id.

On April 13, 2023, defendants filed a motion to compel arbitration in Riverside County Superior Court. Dkt. 13 at 2. Plaintiffs did not file an opposition to defendants' motion to compel arbitration. Id. On June 23, 2023, plaintiffs dismissed defendant Mercedes-Benz of Temecula. Dkt. 1. On July 19, 2023, the Riverside County Superior Court granted defendants' motion to compel arbitration. Dkt. 13 at 1-2; dkt. 17-2, Exh. 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 5:23-cv-01420-CAS (SHKx) | Date | September 13, 2023 |
|---|---|---|---|
| Title | VIOLET RAMIREZ, ET AL. V. MERCEDES-BENZ USA, LLC, ET AL. | | |

That same day, defendant Mercedes-Benz USA, LLC ("Mercedes-Benz") filed a notice of removal, on diversity grounds pursuant to 28 U.S.C. § 1332, contending that plaintiffs are citizens of California and that none of defendant's members are citizens of California. Dkt. 1. On July 26, 2023, defendant Mercedes-Benz filed an answer to the complaint. Dkt. 12.

On July 27, 2023, plaintiffs filed a motion for reconsideration of the order granting defendant's motion to compel arbitration. Dkt. 13. That same day, plaintiffs filed a motion to remand. Dkt. 14. On August 21, 2023, defendant filed an opposition to plaintiffs' motion for reconsideration of defendant's motion to compel binding arbitration. Dkt. 17. Defendant did not file an opposition to plaintiffs' motion to remand.

On September 11, 2023, the Court held a hearing on plaintiffs' motions for reconsideration and to remand this action to Superior Court. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.  LEGAL STANDARD

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Virginia A. Phillips, J. & Karen L. Stevenson, J., Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial § 2:3741 (The Rutter Group 2020).

Under 28 U.S.C. § 1446(b), the defendant must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal. When there are multiple defendants, all defendants named in the complaint and who have been properly joined and served in the action must also join in the removal. Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986). This is known as the rule of unanimity. See Chicago, Rock Island & Pac. Ry. v. Martin, 178 U.S. 245 (1900); see also Schwarzer, *supra*, § 2:905.2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 5:23-cv-01420-CAS (SHKx) | Date | September 13, 2023 |
|---|---|---|---|
| Title | VIOLET RAMIREZ, ET AL. V. MERCEDES-BENZ USA, LLC, ET AL. | | |

If the defendant's removal notice fails to meet the procedural requirements of § 1446(b), the court may remand the action based on the plaintiff's timely motion. McAnally Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000). Pursuant to 28 U.S.C. § 1447(c), a motion to remand based on any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.

### III.  DISCUSSION

#### A.  Plaintiffs' Motion to Remand

Plaintiffs argue that there is no diversity jurisdiction because defendant has failed to prove by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000. Dkt. 14 at 5. Plaintiffs explain that they seek actual damages of $64,985.55 in their complaint and in their Demand for Arbitration and that defendant has not provided sufficient evidence to demonstrate that civil damages or attorneys' fees should be included in the amount in controversy calculation. Id. at 6-7, 10. First, plaintiffs assert that defendant has not shown whether it would be appropriate to award civil penalties in this case and for what amount. Id. at 7. Further, plaintiffs contend that defendant improperly assumes that plaintiffs would be awarded the maximum civil penalty and that the jury would not consider any offsets, such as for mileage. Id. at 8. Second, plaintiffs assert that defendant did not identify the amount in attorneys' fees that plaintiffs would likely be awarded. Id. at 10. Thus, plaintiffs argue that defendant's amount in controversy calculation is based on speculative estimates of civil penalties and attorneys' fees. Id. at 3, 6, 10.

The Song-Beverly Act permits plaintiffs to recover "damages and other legal and equitable relief." Cal. Civ. Code § 1794(a). The measure of damages includes the sum of (1) restitution, (2) "a civil penalty which shall not exceed two times the amount of actual damages," and (3) "the aggregate amount of costs and expenses, including attorneys' fees based on actual time expended." Cal. Civ. Code § 1794.

Although defendant did not file an opposition to plaintiffs' motion to remand, defendant objected to plaintiffs' motion at oral argument. In response to defendant's objection, plaintiffs were not prepared to stipulate that their damages would not exceed $75,000. Here, plaintiffs seek actual damages of $64,985.55, consequential and incidental damages, restitution "of all consideration given by [plaintiffs] and or paid out

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 5:23-cv-01420-CAS (SHKx) | Date | September 13, 2023 |
|---|---|---|---|
| Title | VIOLET RAMIREZ, ET AL. V. MERCEDES-BENZ USA, LLC, ET AL. | | |

toward the [v]ehicle," civil penalties under the Song-Beverly Act, and reasonable attorneys' fees, among other relief. Dkt. 1-1, Exh. A. In requesting civil penalties, plaintiffs allege that defendant's failure to comply with the Song-Beverly Act was "willful" and that they are entitled to a civil penalty "in the amount of two times actual damages." Id.; see also Park v. Jaguar Land Rover N. Am., LLC, No. 20-CV-00242-BAS-MSB, 2020 WL 3567275, at *4 (S.D. Cal. July 1, 2020) ("Plaintiff's own allegations support the conclusion that the maximum amount of civil penalties is properly included in the amount in controversy determination"). The Court is persuaded that, regardless of potential offsets in the amount of restitution and the exact amount of attorneys' fees plaintiffs' may be awarded, the amount in controversy likely exceeds $75,000 with the inclusion of civil penalties. Thus, the Court may exercise diversity jurisdiction in this case and finds that remand is not appropriate.

**B.  Plaintiffs' Motion for Reconsideration of the Order Granting Defendant's Motion to Compel Arbitration**

Plaintiffs explain that they failed to oppose defendant's motion to compel arbitration because they believed defendant was going to withdraw its motion following the dismissal of defendant Mercedes-Benz of Temecula. Dkt. 13 at 2. Thus, plaintiffs request that the Court find that the failure to oppose defendant's motion was the product of excusable neglect. Id. at 3.

In its opposition, defendant argues that plaintiffs' motion for reconsideration is "entirely improper" because a "[f]ederal [c]ourt cannot reconsider a [s]tate [c]ourt order." Dkt. 17 at 1. Defendant further asserts that plaintiffs had already initiated arbitration. Id.

After hearing oral argument, the Court directs plaintiffs to submit supplemental briefing and a new declaration on or before September 25, 2023 which is fourteen days after the hearing on September 11, 2023. Defendant must file a response to plaintiffs' briefing that includes the arbitration agreement and a declaration regarding the communications between the parties about defendant's motion to compel arbitration, on or before October 2, 2023, which is twenty-one days after the September 11, 2023 hearing. The Court continues the hearing on plaintiffs' motion for reconsideration to **October 16, 2023**, at **10:00 A.M.** by Zoom. Zoom Webinar Information can be found on the Court's Website, under Judge Snyder's Procedures.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    'O'

| Case No. | 5:23-cv-01420-CAS (SHKx) | Date | September 13, 2023 |
|---|---|---|---|
| Title | VIOLET RAMIREZ, ET AL. V. MERCEDES-BENZ USA, LLC, ET AL. | | |

### IV. CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiffs' motion to remand and **RESERVES JUDGMENT** on plaintiffs' motion for reconsideration.

IT IS SO ORDERED.

|  | 00 : 17 |
|---|---|
| Initials of Preparer | CMJ |